**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

**SAADIA COCHAVI and FREDA COCHAVI,**                    Docket No.:
**his spouse,**

                                Plaintiff,                    **COMPLAINT**

                              -against-                    **Plaintiffs Demand a
                                                            Jury Trial**

**JIM STANNARD and MELISSA STANNARD,
individually and doing business as STANNARD
FARM and GROWNYC PARTNERS LLC,**

                              Defendants.

-------------------------------------------------------------------X

Plaintiffs, SAADIA COCHAVI and FREDA COCHAVI, by their attorneys, KERNER &

KERNER, ESQS., complaining of the defendants, JIM STANNARD and MELISSA STANNARD,

individually and doing business as STANNARD FARM, and GROWNYC PARTNERS LLC, upon

information and belief, respectfully sets forth and allege:


### AS AND FOR ALL CAUSES OF ACTION


1.      That at all times hereinafter mentioned, plaintiffs SAADIA COCHAVI and

FREDA COCHAVI were and still are citizens of the State of New Jersey.


2.      That all times hereinafter mentioned, defendant GROWNYC PARTNERS LLC

(hereinafter referred to as "GROWNYC") was and still is a domestic limited liability company

duly organized and existing pursuant to the laws of the State of New York.

1

3. That at all times hereinafter mentioned, defendant, GROWNYC maintained its principal place of business in the Borough of Manhattan, City, County and State of New York.

4. That at all times hereinafter mentioned, defendant JIM STANNARD was a citizen of the State of New York.

5. That at all times hereinafter mentioned, defendant MELISSA STANNARD was a citizen of the State of New York.

6. That the matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy Five Thousand ($75,000.00) Dollars and that the jurisdiction of this Court is founded on diversity of citizenship and amount, pursuant to 28 U.S.C. §1332(a) and (c), as amended.

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b)(1), (2) and (c), on the ground that the within action is brought in the District where one or more of the defendant resides and/or where a substantial part of the events or omissions giving rise to the within action occurred.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, SAADIA COCHAVI

8. That at all times hereinafter mentioned, the defendant GROWNYC provided professional consulting services for food, farming, gardening and/or recycling projects within the City and State of New York, including, but not limited to, the set up, planning, supervision and/or organization of retail and/or wholesale food sales and/or food markets within the City and State of New York.

2

9.      That at all times hereinafter mentioned, the defendant GROWNYC owned a sidewalk food market, located on Broadway, in the vicinity of West 115th Street, in the Borough of Manhattan, City, County and State of New York (hereinafter referred to as "the premises").

10.      That at all times hereinafter mentioned, the defendant, GROWNYC, leased a certain sidewalk food market, located at the premises.

11.      That at all times hereinafter mentioned, the defendant, GROWNYC, rented a certain sidewalk food market, located at the premises.

12.      That at all times hereinafter mentioned, the defendant, GROWNYC, operated a certain sidewalk food market, located at the premises.

13.      That at all times hereinafter mentioned, the defendant, GROWNYC, maintained a certain sidewalk food market, located at the premises.

14.      That at all times hereinafter mentioned, the defendant, GROWNYC, controlled a certain sidewalk food market, located at the premises.

15.      That at all times hereinafter mentioned, the defendant, GROWNYC, regulated a certain sidewalk food market, located at the premises.

16.      That at all times hereinafter mentioned, defendants, JIM STANNDARD and MELISSA STANNARD, jointly and/or individually, owned a retail food business known as STANNARD FARM.

17.      That at all times hereinafter mentioned, defendants JIM STANNARD and MELISSA STANNDARD, jointly and/or individually, transacted business under the trade name "STANNARD FARM" within the State of New York.

3

18. That at all times hereinafter mentioned, defendants, JIM STANNARD, MELISSA STANNARD and/or STANNARD FARMS (hereinafter collectively referred to as "STANNARD"), through their agents, servants and/or employees, jointly and/or severally, owned a sidewalk food market, located at the premises.

19. That at all times hereinafter mentioned, the defendants, STANNARD, jointly and/or severally and/or individually, leased a certain sidewalk retail food market, located at the premises.

20. That at all times hereinafter mentioned, the defendants, STANNARD, jointly and/or severally and/or individually, rented a certain sidewalk food market, located at the premises.

21. That at all times hereinafter mentioned, the defendants, STANNARD, jointly and/or severally, operated a certain sidewalk food market, located at the premises.

22. That at all times hereinafter mentioned, the defendants, STANNARD, jointly and/or severally, maintained a certain sidewalk food market, located at the premises.

23. That at all times hereinafter mentioned, the defendants, STANNARD, jointly and/or severally, controlled a certain sidewalk food market, located at the premises.

24. That at all times hereinafter mentioned, the defendant, STANNDARD, jointly and/or severally, regulated a certain sidewalk food market, located at the premises.

25. That at all times hereinafter mentioned, defendants, jointly and/or severally, erected one or more canopy tents to provide shade and/or shelter for their equipment, fixtures, appurtenances, goods, wares and/or merchandise at the premises.

4

26. That at all times hereinafter mentioned, defendants, jointly and/or severally, owed the plaintiff, SAADIA COCHAVI, a pedestrian, a duty of care to insure that the sidewalk and/or its appurtenances, at the premises, including, but not limited, the aforestated canopy tent and/or tents, were kept in a reasonably safe condition and safe for pedestrians traversing the area thereat.

27. That at all times hereinafter mentioned, defendants, jointly and/or severally, owed the plaintiff SAADIA COCHAVI a duty to maintain and keep the premises and the equipment, fixtures, appurtenances, goods, wares and/or merchandise thereat, including, but not limited to, a canopy tent and/or tents, in good, safe and proper repair and/or condition, particularly with regard to pedestrians traversing the abutting sidewalk and/or passageways thereat, of which class the plaintiff, SAADIA COCHAVI, was a member. .

28. That on or about the 14th day of July, 2016, at approximately 4:00 P.M., plaintiff, SAADIA COCHAVI, while lawfully walking at or near the aforesaid premises, was struck by a metal support beam and/or structure affixed and/or part of a canopy tent and/or tents located at, on or near the premises and which was owned, operated, controlled and/or maintained by defendants, as aforesaid, causing plaintiff SAADIA COCHAVI to sustain serious and severe personal injuries.

29. That defendants, jointly and/or severally, by their servants, agents and/or employees, knew and/or should have known of the aforesaid unsafe, defective and dangerous conditions existed at the premises for an unreasonable period of time prior to the happening of the subject occurrence.

5

30.     That the defendants, jointly and/or severally, were negligent in their ownership, operation, management, maintenance, care, custody and control of the premises in that the defendants, as aforesaid, maintained the aforesaid premises, which included a food market, together with the fixtures, equipment, appurtenances, goods, wares and merchandise thereon, in a dangerous and defective condition; in that the defendants, as aforesaid, allowed the premises thereat to be and to remain in a dangerous and defective condition; in allowing the premises to constitute a hazard to persons on or near the premises; in that the defendants, as aforesaid, caused and/or created a dangerous condition to exist after having due notice and/or knowledge thereof; in that defendants failed and neglected to warn persons at or near the premises of the dangerous and defective conditions existing thereat; in that defendants, as aforesaid, failed and neglected to provide a safe and proper area for pedestrians, invitees and/or patrons at and/or near the premises, of which class plaintiff SAADIA COCHAVI was a member; in failing to remove and correct the aforesaid dangerous and defective conditions in a timely manner prior to the happening of the subject occurrence; in acquiescing in permitting a hazardous, dangerous and defective condition to exist on the premises and/or in an area to which the public was invited, of which class the plaintiff, SAADIA COCHAVI, was a member; in failing to properly, reasonably and/or adequately secure, anchor and/or affix the footings and/or support structures of the canopy tent and/or tents to the ground in a reasonable and safe manner so that such equipment did not precipitate and/or collapse and strike pedestrians traversing the premises, of which class the plaintiff, SAADIA COCHAVI, was a member; in failing and neglecting to remove and/or dismantle the subject canopy tent and/or tents during adverse and/or inclement weather conditions so as to prevent the subject canopy tent and/or tents from suddenly, without warning, collapsing and striking pedestrians traversing the premises, of which class the plaintiff,

6

SAADIA COCHAVI, was a member; in failing to provide plaintiff SAADIA COCHAVI with a safe passageway in the area of the premises; of being guilty under the doctrine of res ipsa loquitur, and in being otherwise careless and negligent under the circumstances.

31.     That the injuries and damages sustained by the plaintiff, SAADIA COCHAVI, were caused solely by the negligence, carelessness, and recklessness of the defendants, as aforesaid, without any negligence on the part of the plaintiffs contributing thereto.

32.     That by reason of the foregoing, plaintiff SAADIA COCHAVI sustained permanent injuries, and has been caused to suffer permanent and continuous pain and suffering, loss of earnings and future earning potential, inability to perform his usual and customary daily activities and loss of enjoyment of life; has been compelled to submit to hospital and medical care and treatment and to be or become obligated to pay therefor in an endeavor to cure and/or treat his injuries and has been confined to a hospital, bed and/or home for substantial periods of time, thereby preventing plaintiff from attending to his usual and customary vocation and duties, and will, in the future, continue to suffer from the injuries and incur expenses proximately caused by the within incident.

33.     That solely by reason of the aforesaid, plaintiff SAADIA COCHAVI became sick, sore, lame and disabled, suffered, and still suffers and will continue to suffer great mental and physical pain, mental anguish and bodily injuries, and that the said plaintiff has been informed and verily believes that future suffering will exist and will be permanent with progressive pain, discomfort, inconvenience and other symptoms, signs and effects as a result of these injuries and their competently caused aftereffects.

7

34.     That solely by reason of the aforesaid, plaintiff SAADIA COCHAVI was obliged to undergo hospital and medical care and treatment and will be obliged to undergo further care and treatment for an indeterminate time in the future.

35.     That this action falls within one or more of the exemptions set forth on CPLR Sect. 1602.

36.     That by reason of the foregoing negligence on the part of the defendants, as aforesaid, plaintiff SAADIA COCHAVI has been damaged by the defendants, jointly and/or severally, in a sum in excess of Seventy Five Thousand ($75,000.00) Dollars.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, SAADIA COCHAVI

37.     That plaintiff, SAADIA COCHAVI, repeats and realleges each and every allegation contained in the First Cause of Action hereof as if more fully set forth herein at length.

38.     That the failure on the part of defendants, as aforesaid, to take any type of action to warn pedestrians of the said dangerous and hazardous condition existing at the said location and/or to take any action(s) which would reasonably safeguard and/or alert non-suspecting pedestrians as to the approaching dangerous and hazardous condition thereat, constituted a nuisance, both public and private.

39.     That by virtue of the foregoing, plaintiff SAADIA COCHAVI was injured by the defendants, as aforesaid, all to his damage in an amount that exceeds the sum of Seventy Five Thousand ($75,000.00) Dollars.

8

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF FREDA COCHAVI

40.     That co-plaintiff FREDA COCHAVI repeats, reiterates and realleges each and every allegation contained in the First and Second Causes of Action herein with the same force and effect as if more fully set forth herein at length.

41.     That co-plaintiff FREDA COCHAVI is the wife of the plaintiff, SAADIA COCHAVI, and that as such was and is entitled to the services of the plaintiff, SAADIA COCHAVI, and was and is responsible for the medical, surgical, hospital and nursing, rehabilitative and/or psychological care and treatment, and expenses incurred on behalf of the plaintiff SAADIA COCHAVI.

42.     That as a result of the injuries sustained by plaintiff SAADIA COCHAVI, co-plaintiff FREDA COCHAVI was deprived of the services of her husband, SAADIA COCHAVI, and that co-plaintiff  FREDA COCHAVI has been and will be compelled to and did expend various sums of money necessary for medical, surgical, hospital, nursing, rehabilitation and/or psychological attention and other services, all in an effort to cure her said husband of his injuries.

43.     That as a result of the foregoing, plaintiff FREDA COCHAVI was damaged by defendants in an amount Seventy Five Thousand ($75,000.00) Dollars.

**WHEREFORE**, plaintiffs SAADIA COCHAVI and FREDA COCHAVI, his spouse, demand judgment against defendants JIM STANNARD and MELISSA STANNARD, individually and doing business as STANNARD FARM, and GROWNYC PARTNERS LLC,

9

on all causes of action, in an amount exceeding the sum of Seventy Five Thousand ($75,000.00)

Dollars,, all together with the costs and disbursements of this action.

KERNER & KERNER

By:_____
Kenneth T. Kerner (5736)
Attorneys for Plaintiffs
Office and P.O. Address
15 Maiden Lane, Ste. 1008
New York, New York 10038
(212) 964-1098

Index Number:                    Year: 2016

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
SAADIA COCHAVI and FREDA COCHAVI, his spouse,

              Plaintiffs,

      -against-

JIM STANNARD and MELISSA STANNARD, individually and doing business as STANNARD FARMS
and GROWNYC PARTNERS LLC,

              Defendants.

CIVIL COVER SHEET, SUMMONS AND COMPLAINT

**KERNER & KERNER**
**Attorneys for Plaintiff(s)**
**15 Maiden Lane, Ste. 1008**
**New York, New York 10038**
**Tel: (212) 964-1098**
**Fax: (212) 385-9072**
**Email: info@kernerlaw.com**

PLEASE TAKE NOTICE:

[  ]   NOTICE OF ENTRY
that the within is a true copy of an Order duly entered in the office of the clerk of the within named court on
.

[  ]      NOTICE OF SETTLEMENT
that an Order  of which the within is a true copy will be presented for settlement to the General Clerk's
Office of the within named Court, at                    , Rm.            ,             on          at         A.M on
said date.

                  Yours, etc.,

                  KERNER & KERNER
                  Attorneys for the Plaintiff
                  15 Maiden Lane, Ste. 1008
                  New York, New York 10038

**COMPLIANCE PURSUANT TO 22 NYCRR SEC. 130-1.1-a**
To the best of my knowledge, information and belief formed after an inquiry reasonable under the
circumstances, the within document(s) and contentions contained herein are not frivolous as defined in 22
NYCRR SEC. 130-1.1-a.

                  Dated: September 22 , 2016.

Kenneth T. Kerner